UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL VERES REED**, <br> Plaintiff, <br> v. <br> **US BANCORP, ET AL.**, <br> Defendants. | Case No. 14-cv-04715-YGR <br><br> **ORDER: (1) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND (2) REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** <br><br> Re: Dkt. No. 8 |

## I.  ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

On October 30, 2014, defendants U.S. Bancorp and U.S. Bank National Association filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on a number of grounds.  (Dkt. No. 8 ("Mot.").)  The motion is now fully briefed.  The Court has reviewed the papers submitted by the parties in connection with the motion and has determined that it is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also  Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Accordingly, the hearing set for **December 16, 2014** is **VACATED**.  Having considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Defendant's Motion to Dismiss **WITH LEAVE TO AMEND**.

In her opposition brief,[1] plaintiff Carol Veres Reed "acknowledges that there are some inaccuracies in the original complaint and that her husband is willing to be joined as a co-plaintiff, if necessary. . . . She requests permission to amend the complaint."  (Dkt. No. 11 ("Oppo.") at 3.)  Plaintiff provides a non-exhaustive list of these "inaccuracies," including the purportedly mistaken allegation that only 1.5 years, instead of 2.5 years, has elapsed while plaintiff has waited for a loan

---

[1] Defendants note plaintiff's opposition brief was untimely filed.  Plaintiff is admonished to comply with all applicable rules and deadlines in the future.

1  modification decision. (*Id*. at 8)  Plaintiff further states that because the case was removed from
2  state court, where different pleadings standards apply, she should be entitled to amend the
3  complaint to comport with the requisite pleading standards in federal court.  (*Id*.)  In light of these
4  concessions, the Court grants the motion to dismiss.

5      Grant or denial of leave to amend rests in the sound discretion of the court.  *Swanson v.*
6  *U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave to amend should be allowed freely
7  "unless the court determines that the allegation of other facts consistent with the challenged
8  pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture*
9  *Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiff has indicated that she will address certain
10 inaccuracies and inadequacies if granted leave to amend.  The Court cannot assess fully at this
11 early stage whether a denial of leave to amend should be granted on futility grounds.  Therefore,
12 plaintiff may file an amended complaint correcting these issues by **January 30, 2015**.

13 **II.  ORDER REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE**

    Pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court refers this mortgage-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference.  Plaintiff's and defendants' counsel shall participate in a telephone conference, to be scheduled by the ADR Unit, as soon as possible but no later than **January 16, 2015**.

    The ADR Unit will notify the parties of the date and time the telephone conference will be held.  After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

    This Order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: December 12, 2014

                                  _____
                                  **YVONNE GONZALEZ ROGERS**
                                  **UNITED STATES DISTRICT COURT JUDGE**

cc: ADR Unit